## Case No. 8,592.

### In re LUCIUS HART MANUF'G CO.

[17 N. B. R. 459.] [1]

District Court, S. D. New York. April 25, 1878.

BANKRUPTCY—LEASE—POSSESSION BY ASSIGNEE—RENT—PLACE OF STORAGE.

The bankrupt corporation occupied a store in Fulton St., New York, under a lease for a term of years, at a yearly rental of $3,000. A petition was filed against the corporation in August, 1876, and an adjudication was subsequently had and an assignee appointed, who on the 7th of February, 1877, took possession of the goods and removed them from the store. He never had actual or constructive possession of the store, and no sales were made therein. The goods brought less than $3,000 upon the sale. The landlord claims for rent of the premises from the time of the filing of the petition to the time of removal by the assignee: Held, that the assignee never became assignee of the lease, and that the landlord can only claim as against the estate for the use and occupation of the premises as a place of storage or safe-keeping, and that forty dollars a month was a reasonable sum for such use and occupation under the circumstances.

[Cited in Re Ives, Case No. 7,116; Re Wheeler, Id. 17,490. Distinguished in Re Secor, 18 Fed. 320.]

In bankruptcy.

CHOATE, District Judge. Exceptions to report of the register, to whom it was referred to take proof of facts stated in the petition of Schermerhorn for payment of rent. The register has reported in favor of the petitioner for the sum of fifteen hundred dollars, for the use and occupation of the premises for six months. The bankrupt corporation occupied a store in Fulton St., New York, at the time of its failure in August, 1876, under a lease for five years, beginning in 1875. August 14, 1876, a petition was filed against the corporation to have it adjudged a bankrupt. An answer was interposed, and trial was had November 10, 1876, and an adjudication was ordered; but it was stayed on account of the instituting of proceedings for a composition, December 20, 1876. The adjudication was made, and the marshal took possession of the goods in the store, December 30, 1876. January 25, 1877, an assignee was appointed and on the 7th of February, 1877, he took possession of the goods and removed them to an auctioneer's store for sale. He never took possession of the store, and declined to take the key. Some part of the goods, however, had been previously removed by a party having a chattel mortgage on them. The goods removed and sold by the assignee brought less than three thousand dollars, gross proceeds. They consisted of plated goods and

1 [Reprinted by permission.]

Britannia ware, and show cases and tables used for the exhibition and sale of such goods.

I cannot agree with the conclusion of the register in this case. The assignee never became assignee of the lease, and there is no ground on which, as against the estate, the landlord can claim, except on the ground that the use and occupation have been beneficial to the estate. The use made of the premises after the filing of the creditors' petition was merely as a place of storage and safe-keeping for the goods. The store was not used as a place of sale at all. Pending the adjudication, if the bankrupt is to be regarded as a trustee for the creditors, neither such trustee nor an assignee would have been justified in charging the estate with the expense of a costly store adapted for the sale of goods, when all that the estate required was a place of safe-keeping, and there was no sale of goods to be made. The value of the use and occupation to the estate is what it would have cost to have obtained a proper place for the storage of goods such as these were. It would be certainly very wasteful to hire a place at a rent of three thousand dollars a year to keep goods in, not themselves worth three thousand dollars. The landlord was not restrained by any order of the court from dispossessing the bankrupt tenant; and even if such injunction had been issued, it has been held that that does not entitle him to his rent as against the estate, but he should apply to the court for relief. He thought it for his interest to wait and take the chances of the bankrupt making a compromise with its creditors and going on in business, and thus being able to pay him his rent. The case cannot be distinguished in principle from the cases of In re Metz [Case No. 9,509]; In re Lynch [Id. 8,634]; and others cited. I think, upon the evidence, that for forty dollars a month a suitable place for the storage and safe-keeping of these goods could have been obtained, and that the use and occupation of the petitioner's premises have been of that value to the estate. An order will be entered setting aside the report of the register, and allowing the assignee to pay the petitioners for the use of the premises, from August 14, 1876, to February 7, 1877, at the rate of forty dollars per month.