## *In re* SECOR and others, Bankrupts.

*(District Court, S. D. New York.* October 31, 1883.)

1. BANKRUPTCY—RENT—MACHINERY.
    The privilege of an assignee in bankruptcy to permit the bankrupt's property, consisting of tools and machinery, to remain in the premises to be sold as they stand with a further lease, is a valuable privilege, for which a fair compensation for the use of the premises should be awarded to the landlord.
2. SAME—AGREEMENT WITH LANDLORD.
    Where the landlord was also desirous of procuring a new tenant in connection with the sale of the tools and machinery, and he forebore to eject the assignee under dispossession proceedings on an agreement for a fair compensation, *held,* that the arrangement being for the mutual interest and benefit of both parties, one-half of the rental value of the premises should be paid by the assignee while in possession under that arrangement.

In Bankruptcy.

*B. F. Watson,* for assignee.

*Benedict, Taft & Benedict,* for petitioners.

BROWN, J. Exceptions have been taken to the report of the register fixing $600 per annum as a reasonable compensation to the petitioners, H. D. and J. U. Bookman, for the use of their premises by the assignee in bankruptcy from October 8, 1875,—the date of filing the petition in bankruptcy,—until July, 1878, when the premises were surrendered by the assignee. The premises consist of 12 lots of land, with some old buildings upon them, containing machinery and tools, which, if they could have been sold as they stood without removal from the buildings, and in connection with a lease of the premises, were estimated likely to bring about $40,000; but which, if removed, could not be expected to bring more than one-fifth part of that sum. The assignee, as the register finds, took possession of the premises and of the property. The leases were at a rent of about $4,000 per year,—considerably greater than the rental value of the premises at the time of the bankruptcy,—and no express arrangement was at first made in regard to the payment of rent by the assignee. In April, 1876, the petitioners obtained a warrant in dispossession proceedings for the removal of the assignee. This led to a further

conference, in which the petitioners claim that the assignee agreed to pay one-half the amount of rent named in the leases. This is denied by the assignee. The evidence shows that a fair rent for the premises in question during the period named would be about $2,000 a year; but it appears that the premises were not easy to be rented, and that a portion of similar property in the vicinity was vacant. The evidence leaves no doubt, also, that it was deemed advantageous by the petitioners to procure a tenant for the premises through a sale and purchase of the tools and machinery as they then stood. Both parties, therefore, evidently deemed it to their advantage to await endeavors to sell the tools and machinery in conjunction with the tenancy of the premises.

I am not satisfied that the negotiations, after the warrant of dispossession was obtained, had resulted in a definite agreement for the payment by the assignee of one-half of the rent named in the lease; but it appears to me very clear that both parties did understand and agree that a reasonable compensation should be paid, having reference to the peculiar circumstances of each, and in consideration of the benefit which was expected to be derived by each party from selling and letting together. After two years' waiting, no purchaser being found, in July, 1878, the property was removed by the assignee, and afterwards stored at a charge of $400 a year.

That the chance of selling the property and tools upon the premises without removal, and the allowance by the landlord of a sufficient opportunity to test the practicability of doing so, were a valuable privilege to the estate, is self-evident. In the *Case of Breck*, 12 N. B. R. 215, this was fully recognized and compensated for by this court. *In re Hamburger*, Id. 277. The assignee, therefore, cannot be sustained in the claim that only storage rates should be paid for these premises while the property remained there. Obviously, neither party had any idea of leaving the property on these premises as mere storage.

The present case is wholly unlike that of *The Hart Manuf'g Co.* 17 N. B. R. 459, in which, as the court observes, the premises were "used only as a place of storage, and not designed as a place for the sale of the goods." In this case the retention of the premises by the assignee was for the very purpose of effecting a sale of the goods in the expectation of obtaining for them some four or five times as much as he could otherwise hope to obtain. The register has allowed, however, but $200 a year in addition to $400, at which rate the goods might have been stored elsewhere, while the fair rent of these premises, upon the proofs, is shown to be about $2,000. This, as it appears to me, is fixing upon the landlord a far greater proportion of the fair charge for the use of the premises, while the endeavor to make a joint sale and lease of the machinery and premises was pending, than is either just or compatible with the conduct and presumed intent of the parties, and the agreement to pay a reasonable rent in

view of the special circumstances of each. The expected advantage to the estate was, indeed, far greater than that expected by the landlord, if such a sale and lease together could be effected. The arrangement made was valuable to the estate, and would have been approved by the court. The landlord shows no laches, nor negligence, nor disposition to take advantage of the estate, and is entitled to a just compensation.

From the fact, however, that the expected advantage to the landlord, to be derived from selling the property as it stood, was as much in the contemplation of the parties as the benefit to the estate, and considering, also, the difficulty of renting, and the vacancy of a portion of other similar property, which were, doubtless, the landlord's reasons for acceding to this arrangement, I think that this trial of the market should be regarded as an arrangement for the equal benefit of both, at the equal charge of both, and that the one-half of the proved rental value of the premises should be charged to each; and that $1,000 per year should, therefore, be allowed both as a reasonable compensation, and as most nearly representing the intention of the parties.

At this rate the petitioners should be allowed and paid the sum of $2,445.36, which is hereby ordered.